## CIRCUIT COURT OF THE CITY OF HOPEWELL

English

v.

Slagle

December 5, 1986

Case No. (Law) 83-125

By JUDGE W. PARK LEMMOND, JR.

With regard to the Motion to set aside the jury verdict filed by counsel for Slagle, the Court has reached a decision.

The Court orders that the plaintiff remit $4,920 of the award by the jury or submit to a new trial.

The rationale for the Order of Remittitur is that there was insufficient evidence to support an award of damages in the amount of $20,000, and hence the jury misunderstood the facts. This is not a case where an excessive judgment has shocked the conscience of the Court. Further, the Court overrules the Motion to set aside the verdict due to the mention of the *ad damnum* in plaintiff's final argument, based upon the arguments made, proffered, and the terms offered by the Court. In any event, the remittitur cures any influence that could possibly have affected the jury verdict.

The evidence presented by the plaintiff revealed three specific areas in which damages were alleged to have occurred:

1. The plaintiff had to pay an additional $6,600 to obtain the lease for the subject premises. (TR: 27).

2. The payment of $1,600 for temporary employees to restore and convert records. (TR: 43).

3. Lost profit from the use of a dental hygienist.

The first two items of damage are essentially uncontested between the parties.

With regard to the lost income from the use of the dental hygienist, evidence was as follows (questioning of plaintiff by plaintiff's counsel) (TR: 30-31):

Plaintiff: We entered into an agreement with the hygienist to work two days a week on Wednesdays and Thursdays. The hygienist makes between 250 and 300 a day for the practice.

Counsel: Do you employ a hygienist in your other practices?

Plaintiff: Yes, two other practices and we use three other hygienists. We have four hygienists employed. We use this as the basis to know what we should expect from the practice. Since we've hired a hygienist, we found this to be true so, she averages approximately $300 a day so, we were losing $600 per week times four months. That's what we lost. Like I say, since we hired her, she's averaging around 300 a day bringing into the practice.

Counsel: Now she brings into the practice that *gross* amount as a result of her hygienic procedures on your patients. (Emphasis added)

Plaintiff: Yes.

Counsel: Yet there is some deductions on her expenses, is that correct?

Plaintiff: Correct.

Counsel: Can you estimate or say with some certainty what amount of money you lost as a result of not being able to employ a hygienist during this period of time until you got a new lease?

Plaintiff: With the utilities and any supplies that she might have used and the salary of the hygienist would be approximately $100 a day. $100 a day difference.

Counsel: What was the total amount that you felt you lost?

Plaintiffs: Approximately $9,000.

It can be seen from the above colloquy that two interpretations become possible:

1. That "$100 a day difference" was the amount of the net profit, as urged by defendant; or

2. "$100 a day difference" constitutes the amount of the deduction *from gross* in order to arrive at net profit, as urged by the plaintiff.

It should be noted that the plaintiff's testimony (TR: 30) that "she averaged approximately $300 a day or so, we were losing $600 per week times four months. That's what we lost. . ." was clearly identified as a "gross amount" by the plaintiff's next answer in the transcript. The simple arithmetic of the above, obvious to all concerned, was that $600 per week times four months is clearly "approximately $9,000." Thus, it is totally unreasonable to assume that the plaintiff's answer on page 31 of the transcript as to the total amount he felt he had lost being "approximately $9,000" would have anything but a meaning as to gross amount, and not a net amount.

The estimate of "approximately $9,000" has no evidentiary relationship to anything but a gross loss of income before deducting the expenses of paying and equipping the dental hygienist. This being the case, it is still to be determined as to whether the "$100 a day difference" is the net amount of loss or the amount to be deducted from the gross amount of income in order to arrive at net loss. On this issue, the Court finds that upon the evidence presented, the jury might have decided either way. Thus, the jury might have found:

1. That the plaintiff was damaged in the amount of $100 a day resulting in a loss of $200 per week for four months ($200 x 4.3 x 4 = $3,440); or

2. That the plaintiff was damaged in an amount of $200 per day resulting in a loss of $400 per week ($400 x 4.3 x 4 = $6,880).

The Court finds that on the issue of damages suffered as a result of the loss of income from the use of a dental hygienist and upon the evidence presented on this point, the jury was justified in finding a damage award, but only in one of the two amounts set out and computed above.

It is thus left to the Court to determine the amount of the remittitur based upon the above. In this regard, the Court has three options:

1. The jury's determination of damages should be decreased to the minimum amount which could have been awarded based upon the theory that any additional amount deprives the defendant of his Seventh Amendment right to a jury trial.

2. The jury's determination of damages should be decreased to an amount, which under the circumstances of the case, appear to be reasonable to the judge.

3. The jury's determination of damages should be decreased only to the maximum amount which the jury properly could have awarded, based upon the Court's assessment of the evidence.

In the case of *Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033 (5th Cir. 1970), the Court noted the above three theories and chose the latter as the one fairest and most consistent with the Seventh Amendment. In that case, the trial judge had reassessed the various items of damages in a personal injury action and had made its own determination of a reasonable damage award, pursuant to Theory Number Two above.

The Court is of the opinion that Virginia case law would not permit a determination based on Theory Number Two above. The Court is unaware of any decision by the Virginia Supreme Court which would distinguish Theories One and Two. The Court agrees with the Fifth Circuit in that the third theory is the fairest and most consistent with the Seventh Amendment and so holds.

Therefore, based upon the evidence presented in the case at bar, undisputed damages in the amount of $8,200 were proven. As regards the third and final item of damages, the loss of income from the dental hygienist. In accordance with the *Gorsalitz* opinion, the Court finds that the evidence supported a finding in the maximum amount of $6,880. Adding these two figures results in a total amount of $15,080. The Court therefore orders a remittitur (or new trial) in the amount of $4,920, resulting in a total judgment in the amount of $15,080.